IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GARY D. PRICE, | Civil No. 07-3079-CL |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| CITY OF CORNING, CA.; and<br>CORNING POLICE DEPT., | |
| Defendants. | |

CLARKE, Magistrate Judge:

Plaintiff filed his complaint naming the City of Corning, California, and the Corning Police Department as defendants. He alleges that his action is based upon federal question and federal diversity jurisdiction. Plaintiff alleges that defendants have violated constitutional rights including violation of the First, Fourth, Eighth, and Fourteenth Amendments, and certain criminal statutes. Plaintiff's allegations concern various incidents involving Corning Police Department officers which occurred in Corning, California. The Court finds that venue is improper in this Court and this action should be transferred to the United States District Court for the Eastern District of California.

**DISCUSSION**

28 U.S.C. § 1391(b), applicable to civil rights actions, see Daugherty v. Procunier, 456 F.2d

Report and Recommendation - Page 1

97, 97-98 (9th Cir. 1972) (per curiam), provides in pertinent part that,

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Under the venue statute, it is clear that venue is improper in this court. It appears that this action may properly be brought in the Eastern District for the District of California. 28 U.S.C. § 1406(a) provides that, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Where defendants have not filed a responsive pleading, the district court may sua sponte raise the issue and dismiss the action. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); see Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 587-88 (9th Cir. 1991) (per curiam).

    The Court notes that plaintiff's complaint states that it is brought "In the United States District Court for the Eastern District of California (Oregan [sic])." (Compl. at 1.) He alleges that he is now a resident of another state because of death threats which were reported to defendant Corning Police Department. However, it appears that the statute of limitations may be a problem for plaintiff if this action were dismissed. See Burnett v. N.Y. Central R.R. Co., 380 U.S. 424, 430 n.7 (1965). Accordingly, in the circumstances of this case, the Court finds that the interests of justice would be served by transferring this matter. This action should be transferred to the United States District Court for the Eastern District of California sitting in Sacramento, California.

//

Report and Recommendation - Page 2

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's action be transferred to the United States District Court for the Eastern District of California sitting in Sacramento, California.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on October 19, 2007.  If objections are filed, any responses to the objections are due 14 days after the objections are filed*.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this     5     day of October, 2007.

          /s/ Mark D. Clarke
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE